UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Girolamo Bruscianelli,<br><br>                  Plaintiff,<br><br>         v.<br><br>New Jersey Department of Corrections, Marcus O. Hicks, in his official capacity as Commissioner of the NJ Department of Corrections, Sgt. David Rokeach, SCO John Hughes, and SCO Hamilton; John Doe 1-10; and State Agency 1-10,<br><br>                  Defendants. | Index No.:<br><br>Civil Action: Violation of Civil Rights<br><br>**COMPLAINT** |

Plaintiff Girolamo Bruscianelli, by and through his attorneys at the Anthony P. Kearns Law Group, PC, by way of Complaint against the defendants appears and says as follows:

## NATURE OF THE CASE, JURISDICTION AND VENUE

1. This is a civil action brought, inter alia, by plaintiff for violation of his civil rights by the wrongful action of New Jersey Department of Correction Officers among other State employees. More specifically, plaintiff alleges that each of the defendants violated one or more provisions of Federal or State law including 42 U.S.C. § 1983 and § 1988, U.S. Const. amend. IV and XI, as well as the New Jersey Civil Rights Act, N.J. Stat. Ann. §§ 10:6-1 et seq. This Complaint alleges that by virtue of their wrongful conduct, defendants are liable to plaintiff jointly and severally for actual damages, attorney fees, and punitive damages as the Court sees fit.

2. Jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. §1331 and §1343 as this is an action to redress violations of plaintiff's rights pursuant to the Federal Constitution and Federal law, and the fact that the amount in controversy (i.e. damages) exceeds $75,000.00. Jurisdiction over the State law claims is premised upon the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367.

3. Venue of this Court is premised upon the residences of the various parties as well as the location of the acts which form the basis of the instant suit, pursuant to 28 U.S.C. §1391(b)(1) and §1391(b)(2).

## PARTIES

4. Plaintiff is a natural person who, at all times relevant, was incarcerated and under the care of the New Jersey Department of Corrections. Plaintiff is a legal resident of the United States and the State of New Jersey.

5. Defendant New Jersey Department of Corrections is a state/local/municipal agency/entity which is legally answerable to plaintiff on the charges herein claimed.

6. Defendant Marcus O. Hicks is a natural person and the Commissioner of the NJ Department of Corrections. He is sued in his official capacity only.

7. Defendant Sgt. David Rokeach is a natural person employed as a Corrections Officer at the New Jersey State Prison in Trenton. He is sued in his official capacity and individually.

8. Defendant Senior Corrections Officer ("SCO") John Hughes is a natural person employed as a Corrections Officer at the New Jersey State Prison in Trenton. He is sued in his

official capacity and individually.

9. Defendant SCO Hamilton is a natural person employed as a Corrections Officer at the New Jersey State Prison in Trenton. He is sued in his official capacity and individually.

10. John Doe 1-10 are fictitious names used to identify defendant natural persons whose identities are presently unknown.

11. Agency 1-10 are fictitious names used to identify defendant agencies and/or entities whose identities are presently unknown.

12. The corrections officers herein sued were all acting under color of State law as duly appointed active employees of the NJ Department of Corrections, and in such capacity were the agents, servants, and employees of defendant NJ Department of Corrections.

## STATEMENT OF FACTS

13. At all times relevant to this Complaint, plaintiff was incarcerated at the New Jersey State Prison located at 600 Cass Street, Trenton, NJ 08611.

14. On or about April 13, 2018, plaintiff was brutalized, beaten, and threatened by a corrections officer known to plaintiff as "Officer Hughes," named defendant herein.

15. More specifically, between the hours of 7:00 AM and 8:00 AM, plaintiff was assaulted over 20 times by Officer Hughes.

16. During that time, plaintiff's jail cell was open and Officer Hughes, for no apparent reason, started to brutally assault plaintiff, while telling him that he should be killed.

17. Officer Hughes struck plaintiff over 20 times in the face and torso, ultimately causing plaintiff to involuntarily defecate on himself.

18. Corrections officers known to plaintiff as "Sgt. Rokeach" and "Officer Hamilton," both named defendants herein, and a third unidentified corrections officer were present during Officer Hughes' assault on plaintiff. All three watched the brutal assault and allowed it to continue, failing to step in to protect plaintiff until he had defecated himself.

19. As a direct and proximate result of defendants' actions, plaintiff has suffered severe injuries including a shifted jaw that will require surgery, swollen and fractured left eye, welts over his torso, a toenail that has fallen out, and severe and persistent back pain. To this day plaintiff continues to suffer physical, mental, and emotional injury as well as other damages as a direct and proximate result of defendants' wrongful acts.

## ADDITIONAL FACTS REGARDING LIABILITY

20. Defendant New Jersey Department of Corrections ("NJ DOC"), acting through its Commissioner Marcus O. Hicks, is the ultimate policymaking authority for the policies and procedures officially adopted and implemented by the employees of NJ DOC, including the officers named in the complaint.

21. Defendant NJ DOC is also legally responsible for the hiring, training, retention, supervision, and discipline of all its employees.

22. Defendant NJ DOC is also legally responsible for the acts of all its employees related to the scope of their employment, under theories of agency, respondeat superior, vicarious liability, and related legal principles.

23. The nature of the wrongful acts perpetrated by the individual defendant corrections officers was of the kind that each individual defendant was employed to perform,

and/or occurred substantially within the time and space limits of each individual defendant's employment, and/or was actuated in whole or part by purpose to serve the employer, and/or involved actual use of force not unforeseeable by the employer.

24. The NJ DOC is a public entity and its employees are public employees. The individual defendant corrections officers wrongfully executed and enforced the relevant laws and policies binding upon them, for all of the reasons explained more fully elsewhere the Complaint. These wrongful actions were undertaken in the absence of reasonable good faith.

25. Although these wrongful acts were indeed egregious, they were not undertaken outside the scope of each individual's employment with the NJ DOC but rather were undertaken within the scope of employment. Therefore, the public entity, NJ DOC, should be held vicariously liable for the wrongful acts of the individual defendants.

26. For all of the reasons explain more fully elsewhere in the Complaint, plaintiff has suffered permanent/lasting injury as a direct and proximate result of the tortious and wrongful actions herein complained. The tortious acts of multiple natural persons and/or entities all combined, and all contributed, as substantial factors proximately causing the injuries herein complained. To the extent that the total injury/loss suffered by plaintiff cannot be subdivided and/or the liability for its several parts cannot be attributed and allocated to individual tortfeasors, plaintiff demands to hold all tortfeasors jointly and severally liable.

27. Upon information and belief, the wrongful conduct described above was perpetrated in conjunction with a longstanding and pervasive pattern of improper use of violence and excessive force utilized by the employees of the NJ DOC against inmates. Upon information

and belief, the discovery phase of this litigation will reveal many instances wherein NJ DOC, by and through its employees, has allowed, condoned, encouraged, and otherwise engaged in wrongful acts, including the improper use of violence and excessive force against inmates. Despite being put on notice of such allegations, NJ DOC utterly failed to discipline the guilty officers and utterly failed to train and supervise them in order to produce future abuses, but rather allowed, condoned, and encouraged such wrongful conduct to continue.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF 42 U.S.C. § 1983

28. Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their entirety.

29. At all times, plaintiff had the Constitutional right to be free from the use of excessive and unreasonable force against his person by the defendants for reasons including (but not limited to) the provisions of U.S. Const. amend. IV and XI.

30. The defendants individually and in concert participated and conspired with one another (under the color of law) to deprive plaintiff of his civil rights by exercising improper and excessive force against him, as described more fully elsewhere in the Complaint.

31. The defendant corrections officers violated 42 U.S.C. § 1983 by inflicting serious personal injury upon plaintiff by means of improper and excessive force grossly disproportional to any amount of force required to exercise any lawful stop/restraint/arrest. In fact, here the defendant corrections officers did not use excessive force to effectuate a lawful stop/restraint/arrest, but instead used said force to assault plaintiff because he was incarcerated

for a sex offense. As a direct and proximate result of such violation of the statute, the plaintiff has been materially harmed and suffered substantial damages described more fully elsewhere.

### COUNT II - VIOLATION STATE LAW AND 42 U.S.C. § 1988

32. Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their entirety.

33. For substantially identical reasons as those described above, all of the wrongful acts complained of the defendants as violations of 42 U.S.C. § 1983 and the Federal Constitution also constitute violations of plaintiff's rights under the New Jersey Constitution and violations of New Jersey statutory law including but not limited to New Jersey Civil Rights Act, N.J. Stat. Ann. §§ 10:6-1 et seq.

34. As explained more fully elsewhere, each defendant was acting at all relevant times in furtherance of the interests of the NJ DOC.

35. As explained more fully elsewhere, plaintiff has suffered material harm and substantial damages as a direct and proximate result of such wrongful acts and violations of law by the defendants.

### COUNT III - EMOTIONAL DISTRESS
### INTENTIONALLY/ NEGLIGENTLY INFLICTED

36. Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their entirety.

37. As explained above, the officers named in the Complaint participated in a brutal assault on plaintiff during his incarceration. The officers went beyond the assault and

threatened plaintiff's life, telling him that he should be killed. As a result, plaintiff has developed severe psychological trauma.

38.   This conduct was so extreme and outrageous that it can fairly be said to constitute intentional acts intended to cause emotional distress, or alternatively the conduct was undertaken recklessly in deliberate disregard of a high degree of probability that emotional distress would follow, or alternatively the conduct was so negligent that it would cause a reasonable person fright from a reasonable fear of immediate personal injury, and such personal injury did actually occur here.

39.   A reasonable person in plaintiff's position would experience such severe emotional distress no one could be expected to endure, namely reasonable fear of personal injury, actual and lasting personal injury, and a reasonable fear of law enforcement personnel as a result of this incident. This wrongful conduct proximately caused plaintiff to actually suffer all of this emotional distress and all of this fear, and also to suffer serious personal injury. Plaintiff therefore specifically requests punitive damages.

### COUNT IV – FUTURE INJURY/ FUTURE MEDICAL EXPENSES/ FUTURE EARNING CAPACITY DAMAGED BY TORT

40.   Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their entirety.

41.   For all of the reasons explain more fully elsewhere in the Complaint, plaintiff has suffered permanent/lasting injury as a direct and proximate result of the torts herein complained.

42. There is a reasonable medical probability that plaintiff will suffer future consequences of the present injury including further loss of use.

43. There is a reasonable probability that plaintiff will incur future medical expenses as a result of the above.

44. The nature of the injury, specifically injuries to plaintiff's jaw, left eye, back and upper body, is of the kind rendering it reasonably probable that his capacity to earn a living will be adversely affected.

45. Here, the quantum of diminishment of future earning capacity can reasonably be determined.

### COUNT V – PUBLIC EMPLOYEE WRONGFULLY ENFORCING LAW

46. Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their entirety.

47. Defendant NJ DOC is a public entity and its employees are public employees.

48. The individual defendant police officers wrongfully executed and enforced the relevant laws and policies binding upon them, for all of the reasons explained more fully elsewhere the Complaint. Among other things, the individual defendants willfully neglected the laws and policies binding upon them to refrain from physically assaulting inmates for no discernable reason. These wrongful actions were undertaken in the absence of reasonable good faith.

49. This wrongful execution and enforcement of the law proximately caused harm and damages to the plaintiff, for reasons explained more fully elsewhere in the Complaint.

50. Although these wrongful acts were indeed egregious, they were not undertaken outside the scope of each individual's employment at the NJ DOC, but rather were undertaken within the scope of employment. Therefore, the public entity, NJ DOC, should be held vicariously liable for the wrongful acts of the individual defendants.

### COUNT VI – OFFENSIVE PHYSICAL CONTACT (ASSAULT)

51. Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their entirety.

52. Defendants intentionally touched plaintiff, without consent on April 13, 2018, when Officer Hughes assaulted plaintiff over 20 times.

53. As a direct and proximate result of this unwelcomed display of violence, plaintiff has been materially harmed and suffered substantial damages described more fully elsewhere.

54. The offensive physical contact explained throughout this Complaint was done with malice and/or a wanton disregard of plaintiff's personal rights and sensitivities and/or with a foreseeability of unintended harmful consequences. Plaintiff specifically seeks punitive damages on this count.

### COUNT VII – OFFENSIVE PHYSICAL CONTACT THREATENED

55. Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their entirety.

56. On April 13, 2018, Officer Hughes, acting unprovoked, intentionally threatened plaintiff with immediate offensive physical contact.

57. While plaintiff was incarcerated at the New Jersey State Prison, Officer

Hughes's words and conduct placed plaintiff in reasonable, imminent, apprehension of offensive physical contact.

58. Officer Hughes acted intentionally to place plaintiff in reasonable fear of such offensive contact based on the threats made, as well as his proximity to plaintiff.

59. Officer Hughes went beyond threats and did in fact physically assault plaintiff repeatedly during the morning of April 13, 2018, see Count VI above.

60. As a direct and proximate result of Officer Hughes's conduct, plaintiff has suffered severe physical, emotional, and psychological trauma for which defendants are liable. Plaintiff specifically seeks punitive damages on this count.

### COUNT VIII - INDIVISIBLE HARM/ JOINT AND SEVERAL LIABILITY

61. Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their entirety.

62. For all of the reasons explain more fully elsewhere in the Complaint, plaintiff has suffered permanent/lasting injury as a direct and proximate result of the torts herein complained.

63. For all of the reasons explain more fully elsewhere in the Complaint, the tortious acts of multiple natural persons and/or entities all combined and all contributed as substantial factors proximately causing the injuries herein complained.

64. To the extent that the total injury/loss suffered by plaintiff cannot be subdivided and/or the liability for its several parts cannot be attributed and allocated to individual tortfeasors, plaintiff demands to hold all tortfeasors jointly and severally liable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests relief and judgment against defendants, as follows:

1. For general and consequential damages including (but not necessarily limited to) actual damages, pain and suffering, past and future medical expenses, mental anguish, and loss of earning capacity;

2. For punitive damages;

3. For reasonable attorneys' fees;

4. For costs of suit; and

5. For such further and different relief as the court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury as to all issues in the above matter.

## DESIGNATION OF TRIAL ATTORNEY

Edward J. Hesketh, Esq. is hereby designated as trial counsel for the plaintiff in the above matter.

## CERTIFICATION OF COUNSEL

I HEREBY CERTIFY that that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: the instant pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; the claims, defenses, and other legal contentions are warranted

by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law; the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

DATED: February 25, 2020                    BY: _____
                                                Edward J. Hesketh, Esq.
                                                The Anthony P. Kearns Law Group, PC
                                                54 Old highway 22, Suite 251
                                                Clinton, NJ 08809
                                                T: 908-243-0800
                                                F: 908-450-1409
                                                Attorneys for Plaintiff