UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GIROLAMO BRUSCIANELLI,**<br><br>Plaintiff,<br><br>v.<br><br>**MARCUS O. HICKS, et al.,**<br><br>Defendants. | Civil Action No.  20-2631 (FLW)<br><br><br>**MEMORANDUM OPINION AND ORDER** |

This matter has been opened to the Court by Defendants New Jersey Department of Corrections ("NJDOC"), NJDOC Commissioner Marcus Hicks, Sgt. David Rokeach, SCO John Hughes, and SCO Hamilton ("State Defendants"), motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons explained in this Memorandum Opinion and Order, the motion to dismiss is **DENIED** in its entirety as to Defendants Rokeach, Hughes, and Hamilton.  Because the nature of the federal and/or state law claims for relief against the NJDOC and Commissioner are unclear, the Court will terminate the motion to dismiss, reserve judgment, and direct Plaintiff to clarify the nature of his claims pursuant to Fed. R. Civ. P. 12(e).

I.   FACTUAL BACKGROUND

Plaintiff Girolamo Bruscianelli ("Plaintiff") is a former inmate at New Jersey State Prison ("NJSP") in Trenton, New Jersey; he was released from prison on August 8, 2019 and filed the instant Complaint on March 11, 2020.[1]

---

[1] According to Plaintiff's certification, he was released from the NJDOC or about August 8, 2019.  Eight months later, Plaintiff brought suit against the above-captioned Defendants alleging violations of his constitutional rights under 42 U.S.C. § 1983 and state law.  Prisoners seeking to challenge the conditions of their confinement are subject to the PLRA, which mandates

The Court assumes the truth of the well-pleaded facts in the Complaint, which alleges that Plaintiff was brutalized, beaten, and threatened by Defendant Hughes on April 30, 2018 between 7AM and 8AM.  *See* Complaint ¶ 15.  Defendant Hughes entered Plaintiff's open cell and threatened to kill him.  *Id.* ¶ 16.  Defendant Hughes struck Plaintiff 20 times in the face and torso, which caused Plaintiff to involuntarily defecate on himself.  *Id.* ¶ 17.  Defendants Rokeach, Hamilton, and a third unnamed corrections officer were present for the assault; according to the Complaint, Rokeach, Hamilton, and the third unnamed corrections officers watched the assault and allowed it to happen, and did not intervene until Plaintiff defecated on himself.  *Id.* ¶ 18.  Plaintiff further alleges that Hughes assaulted him because he committed a sex offense.[2]  *Id.* ¶ 31.  Plaintiff suffered severe injuries, including a shifted jaw, which required surgery, a swollen and fractured left eye, welts on his torso, a toenail that fell out, and severe back pain.  *Id.* ¶ 19.

According to the Complaint, the NJDOC, acting through its policymaker Defendant Commissioner Hicks,[3] is the ultimate policymaking authority for the policies and procedures adopted by NJDOC employees, including those corrections officers named in the Complaint.  *Id.*

---

exhaustion of all available administrative remedies before bringing a lawsuit.  42 U.S.C. § 1997e(a). Exhaustion is a threshold requirement that district courts must consider.  *Woodford v. Ngo*, 548 U.S. 81, 88 (2006);  *Rinaldi v. United States*, 904 F.3d 257, 265 (3d Cir. 2018). Nevertheless, failure to exhaust is an affirmative defense that the defendant must plead and prove.  *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Rinaldi*, 904 F.3d at 268.  Inmates are not required to plead or demonstrate exhaustion in their complaints.  *Id.*  Thus, even if Plaintiff were a prisoner at the time he filed his Complaint (which it appears that he was not), a motion to dismiss for failure to exhaust would be improper at this stage of the proceedings, as Plaintiff is not required to plead exhaustion.  As such, the motion to dismiss for failure to exhaust administrative remedies is denied.

[2] Defendants Rokeach, Hughes and Hamilton are sued in their official and individual/personal capacities.  *See id.* ¶¶ 7-9.

[3] Defendant Hicks is sued in his official capacity only.  *See* Complaint ¶ 6.

¶ 20.  The Complaint alleges that the NJDOC responsible for Plaintiff's injuries on the basis of vicarious or *respondeat superior* liability and because there exists, upon information and belief, a pattern or practice of excessive force by officers within the NJDOC, as well as a failure to discipline and train.  *See id.* ¶¶ 20-27.

Count One of the Complaint asserts claims for excessive force pursuant to 42 U.S.C. §§ 1983 and 1988.  Count Two of the Complaint asserts claims of excessive force pursuant to the New Jersey Civil Rights Act ("NJCRA"). Count Three asserts claims for intentional or negligent infliction of emotional distress pursuant to state law.  Count Four asserts that Plaintiff has a sustained a permanent injury.  Count Five appears to assert a state law tort claim against the NJDOC as a public entity.  Counts Six and Seven assert state law claims for assault and threatened assault.  Count Eight asserts joint and several liability.  The Complaint seeks damages, including punitive damages.  *See id.* at 6-13.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim upon which relief can be granted." Fed. R .Civ. P. 12(b)(6).  On a motion to dismiss for failure to state a claim, the moving party "bears the burden of showing that no claim has been presented."  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)); *United Van Lines, LLC v. Lohr Printing, Inc.*, No. CIV. 11–4761, 2012 WL 1072248, at *2 (D.N.J. Mar. 29, 2012).

When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).  All reasonable inferences must be made in the plaintiff's favor.  *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300,

314 (3d Cir. 2010). In order to survive a motion to dismiss, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard requires the plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully," but does not create what amounts to a "probability requirement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.   ANALYSIS

The Court first addresses the claims against the corrections officers who allegedly committed and/or were present for the assault, and denies the motion to dismiss in its entirety as to Defendants Hughes, Rokeach, and Hamilton. Because the nature of the federal and/or state law claims for relief against the NJDOC and Commissioner are unclear, the Court will terminate the motion to dismiss as to these Defendants, reserve judgment, and direct Plaintiff to clarify the nature of his claims pursuant to Fed. R. Civ. P. 12(e).

The Complaint alleges that Defendant Hughes assaulted Plaintiff and that Defendants Rokeach, Hamilton, and a third unidentified defendant failed to intervene to stop the assault. State Defendants argue that the allegations against Hughes, Rokeach, and Hamilton are insufficient to state a claim for relief under § 1983 and/or the NJCRA[4] and lack sufficient detail and/or particularity. State Defendants further assert that these Defendants are entitled to qualified immunity and that the punitive damages claims should be dismissed. The Court disagrees.

---

[4] "[T]he NJCRA is the State's analogue to Section 1983 and is often interpreted in virtually the same manner as its federal counterpart." *Jefferson v. Township of Medford*, 08–cv–6269, 2010 WL 5253296, at *13 (D.N.J. Dec. 16, 2010). The court considers the § 1983 and NJCRA claims together in this decision.

Plaintiff was a prisoner at New Jersey State Prison in Trenton on April 13, 2018. On that date, as alleged, Plaintiff's cell door was open, and Officer Hughes entered the cell and assaulted him, striking him 20 times, causing him to defecate on himself. *See* Complaint at 15-17. Pursuant to *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992), whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Here, Plaintiff alleges that he was threatened and assaulted by Hughes because he committed a sex offense. There is no suggestion that the force was applied in a good-faith effort to maintain or restore discipline; instead, the allegations plainly state that Hughes told Plaintiff that he should be killed and assaulted Plaintiff because he had committed a sex offense. These allegations are sufficient to show that the use of force was applied in a malicious or sadistic manner to cause harm to Plaintiff. As such, Plaintiff states a claim for relief against Defendant Hughes for excessive force, and the motion to dismiss this claim is denied.

The Complaint further alleges that Defendant Sgt. David Rokeach and SCO Hamilton, along with an unidentified third officer, were present during Defendant Hughes' assault on Plaintiff. Complaint ¶ 18. The Complaint alleges that the three officers watched the brutal attack, allowed it to continue, and failed to step in to protect Plaintiff until he had defecated on himself. *Id.* ¶ 18. As acknowledged by State Defendants, "a corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so[.]" *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002). This assault allegedly involved 20 strikes to Plaintiffs face and torso and resulted in serious injuries to Plaintiff. Although State

Defendants assert that Plaintiff fails to plead specific facts showing that Defendants Rokeach and Hamilton were capable of intervening, the Court must construe the allegations in Plaintiff's favor. Here, the Complaint indicates that the door to Plaintiff's cell was open when Hughes began assaulting Plaintiff. Although Defendants Rokeach, Hamilton, and the third unidentified corrections officer outnumbered Defendant Hughes, they failed to stop the assault until Plaintiff had been struck twenty times and defecated on himself. The facts in the Complaint are sufficient to suggest that Defendants Rokeach and Hamilton failed to intervene and violated Plaintiff's rights under the Eighth Amendment. The motion to dismiss for failure to state a claim for failure to intervene against Defendants Rokeach and Hamilton is denied.

State Defendants also contend that Hughes, Rokeach, and Hamilton are entitled to qualified immunity. A defendant official may be entitled to qualified immunity or a good faith, affirmative defense. *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982). In considering the applicability of qualified immunity, courts engage in a two-pronged examination: first, a court must decide "whether the facts that a plaintiff has...shown make out a violation of a constitutional right" and second, the court must determine "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). "Courts may begin their consideration with either prong." *Pearson*, 555 U.S. at 236.

State Defendants' argument for qualified immunity consists largely of legal boilerplate. Although State Defendants bear the burden to show they are entitled to qualified immunity, they assert that Plaintiff has failed to show that there is a robust consensus of courts holding that defendants may not use "their authority" under the "precise circumstances" outlined in the Complaint. *See* Moving Brief at 19. But State Defendants have cited to no decisions applying

qualified immunity under similar facts, despite the plethora of caselaw in the area of excessive force and failure to intervene under the Eighth Amendment.  Instead, they contend that Plaintiff's allegations regarding the use of excessive force and the failure to intervene are conclusory, *see* State Defendants' Brief at 19, an argument the Court has already rejected.  In light of the inadequate briefing, the Court denies the motion to dismiss on the basis of qualified immunity.  State Defendants are free to raise qualified immunity again with appropriate briefing and analysis at a later date.  However, the Court notes that based upon Plaintiff's allegations, if proven true, and case law in this context, it would be hard-pressed for this Court to find that these individual defendants are entitled to qualified immunity.  However, that said, I do not make a final determination on this issue.

   The Court also denies the motion to dismiss the punitive damages claims as to Defendants Hughes, Rokeach, and Hamilton.  Punitive damage are available "in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983).  At this early stage of the proceeding, Plaintiff has provided sufficient facts to suggest at least reckless indifference to Plaintiff's civil rights by Defendants Hughes, Rokeach, and Hamilton.  As such, the motion to dismiss the claim for punitive damages is denied.

   Having denied the motion to dismiss the § 1983, NJCRA, and punitive damages claims against Defendants Hughes, Rokeach, and Hamilton, the Court next addresses the State Defendants' arguments for dismissal of the § 1983, NJCRA, and tort claims against the NJDOC and Defendant Hicks.  Upon review of the Complaint, including the individual counts, and the

parties' arguments, the Court will require Plaintiff to clarify the nature of his claims against the NJDOC and Defendants Hicks prior to ruling on the remainder of the motion to dismiss.

When a plaintiff's complaint is unclear, the court may, *sua sponte*, order the plaintiff to file a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure in order to clarify the plaintiff's claims. *See Alston v. Parker*, 363 F.3d 229, 234 n. 7 (3d Cir.2004) ("the District Court on its own initiative, may [seek] a more definite statement to resolve any ambiguity or vagueness."); Moore's Federal Practice, § 12.36 (Matthew Bender 3d ed.) ("Because of its potential usefulness ... courts will occasionally order a more definite statement *sua sponte*, which they have the freedom to do"); *Fikes v. City of Daphne*, 79 F.3d 1079, 1082–83 (11th Cir. 1996) (finding that a more definite statement can tighten a complaint and clarify which of several possible claims are being asserted).

Specifically, the Court will require Plaintiff to clarify whether the Complaint seeks to sue the NJDOC and Defendant Hicks pursuant to § 1983 and the NJCRA under a *Monell*-type theory of liability, in addition to state law tort liability. State Defendants assume in their opposition brief that Plaintiff Complaint proceeds against the NJDOC and Defendant Hicks under a *Monell*-type theory of liability, and Plaintiff does not dispute this assumption in his reply brief. In *Monell v. New York City Department of Social Services*, 436 U.S. 658, 692 (1978), the Supreme Court held that a municipality or other local government may be subject to liability under § 1983. Because local governments "are responsible only for their own illegal acts[,]" they cannot be held vicariously liable under § 1983 for their employees' actions. *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Thus, to establish municipal liability under § 1983, a plaintiff must prove that "action pursuant to official municipal policy" caused his injury. *Monell*, 436 U.S. at 691. The NJDOC, however, is not a local government, and the Court has found no authority to

suggest that *Monell* liability may attach to the State or its agencies. *See Rouse v. New Jersey Dep't of Health & Human Servs.*, No. CV 15-01511 (JLL), 2015 WL 5996324, at *4 (D.N.J. Oct. 13, 2015) (citing *Monell*, 436 U.S. at 690) ("Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies."). Because it is not clear from the Complaint that Plaintiff is attempting to proceed against the NJDOC and Defendant Hicks under this theory of liability or if he is suing the NJDOC and Defendant Hicks solely under the New Jersey Tort Claims Act, the Court will require him to clarify his claims. Plaintiff shall submit his clarification within 30 days of the date of this Order.[5] Once Plaintiff clarifies his claims against the NJDOC and Defendant Hicks, State Defendants may submit a response within 30 days. Once the briefing is complete, the Court will rule on the remainder of the State's motion to dismiss.

As explained in this Memorandum Opinion and Order, the Court denies the motion to dismiss in its entirety as to Defendants Hughes, Rokeach, and Hamilton.[6] The Court directs Plaintiff to clarify the nature of his claims against the NJDOC and Commissioner Hicks pursuant to Fed. R. Civ. P. 12(e), within 30 days of the date of this Order. State Defendants may submit a response to the clarification within 30 days thereafter. The Court will terminate the motion to dismiss at this time. Once the briefing is complete, the Court will rule on the remainder of the State's motion to dismiss.

**IT IS, THEREFORE**, on this 24th day of March 2021,

---

[5] If needed, Plaintiff may seek leave to file an Amended Complaint to clarify his claims.

[6] The Court notes that there are additional state law claims against Defendants Hughes, Rokeach, and Hamilton, but State Defendants did not make specific arguments for dismissal of these claims, and the Court does not address them.

**ORDERED** that the motion to dismiss for failure exhaust administrative remedies is **DENIED**; and it is further

**ORDERED** that the motion to dismiss (ECF No. 7) is **DENIED** in its entirety as to Defendants Hughes, Rokeach, and Hamilton; and it is further

**ORDERED** that pursuant to Fed. R. Civ. P. 12(e), within 30 days of the date of this Order, Plaintiff shall clarify the nature of his claims against Defendants NJDOC and Commissioner Hicks and specifically clarify whether the Complaint asserts that NJDOC and Commissioner Hicks are liable under a *Monell*-theory (in addition to the state law tort claims) with appropriate analysis; and it is further

**ORDERED** that State Defendants may submit a response within 30 days of the filing of Plaintiff's clarification; and it is further

**ORDERED** that the motion to dismiss (ECF No. 7) shall be **ADMINISTRATIVELY TERMINATED** at this time; and it is further

**ORDERED** that once the briefing is complete, the Court will resolve the remainder of the State Defendants' motion to dismiss.

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge